UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM ROGERS,
    Plaintiff,

v.

NAIF MAKOL, SKOOTERS
RESTAURANT II, INC.,
    Defendants.

No. 3:13-cv-00946 (JAM)

## RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. # 18]

Plaintiff William Rogers, *pro se*, brings this action against defendants Skooter's Restaurant II, Inc., and its alleged owner, Naif Makol,[1] for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). Defendants move to dismiss the case on the ground that plaintiff's claims are time-barred because of his failure to timely file a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). I agree and therefore grant the motion to dismiss, subject to 30 days leave for plaintiff to file an amended complaint.

### Background

On July 3, 2013, plaintiff filed a complaint alleging that defendants violated Title VII and the ADA by discriminating against him on the basis of his race, color, and disability. *See* Doc. # 1. The complaint alleges that on September 24, 2011, defendants failed to promote him and terminated his employment. *Id.* at 2. The complaint further alleges that on some unspecified date

---

[1] Defendants state that the complaint has misspelled their names and that their correct legal names are Naif Makol and Skooter's Restaurant II, Inc.; the Clerk is directed to amend the docket report of this case to correct the

1

defendants conducted a criminal background check without his authorization or consent. *Id.* at 3.

Plaintiff attached to his complaint a letter dated February 20, 2013, to the EEOC and to the Connecticut Commission on Human Rights and Opportunities ("CHRO"). *See id.* at 7–8. The letter claims in part that defendants discriminated against him "because of my race and learning disability." *Id.* at 7. It describes how he was demoted from serving as the restaurant's assistant manager to short order cook and subject to an unauthorized criminal background check, prior to no longer working at the restaurant after a driving mishap prevented him from reporting to work on September 23, 2011. On April 18, 2013, the EEOC issued a "Dismissal and Notice of Rights" letter, informing plaintiff that his charge was not timely filed. *See id.* at 9.

## Discussion

Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss this action on the ground that it is barred by the statute of limitations. The background rules for this Court's consideration of a Rule 12(b)(6) motion are well established. First, the Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive a Rule 12(b)(6) motion to dismiss unless its factual recitations state at least a plausible claim for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–680 (2009); *Rinehart v. Akers*, 722 F.3d 137, 144 (2d Cir. 2013). Second, a *pro se* plaintiff's complaint should be construed liberally and interpreted to raise the strongest arguments that its wording suggests. *See, e.g.*, *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). Finally, the Court may consider documents attached to a complaint in deciding a motion to dismiss. *See, e.g.*, *City of Pontiac Policemen's and Firemen's Ret. Sys. v. UBS AG*, __ F.3d __, No. 12-4355-CV, 2014 WL 1778041 at *2 (2d Cir. May 6, 2014); *Kalyanaram v. Am. Ass'n of Univ. Professors at the New York Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014).

---

names of defendants.

A prerequisite to the filing of an action under Title VII or the ADA is the timely filing of a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII time limit); 42 U.S.C. § 12117(a) (incorporating this Title VII provision into the ADA statutory scheme).

> In a state [such as Connecticut] that has an entity [the CHRO] with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days.

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). These time limits, however, are not jurisdictional and are subject in rare cases to equitable doctrines such as tolling or estoppel. *Id.* at 113; *see also Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80–81 (2d Cir. 2003) (describing application of equitable tolling limits in Title VII and ADA context).

Here, the complaint alleges that plaintiff was terminated from his employment on September 24, 2011, far more than 300 days before February 20, 2013, when it appears that plaintiff first filed his charge with the EEOC. Yet plaintiff claims in his attached letter to the EEOC and in his memorandum opposing defendants' motion to dismiss that, although he stopped working for defendants beginning on September 24, 2011, he remained in a position of "on call" status until July 30, 2012.[2] If plaintiff remained "on call," and his employment did not legally terminate until July 2012, then his filing with the EEOC in February 2013 would not appear to be time-barred.

Still, the face of plaintiff's complaint alleges that he was terminated on September 24, 2011. Therefore, I will dismiss the complaint but without prejudice to plaintiff filing an amended complaint within 30 days if plaintiff has a good faith factual basis to plead with specificity a date

---

[2] Plaintiff also states that he filed an intake questionnaire with the EEOC on December 10, 2012, but this action would not possibly make his action timely, as this date was more than 300 days later than September 24,

of termination that is not time-barred. *See Nielsen*, 746 F.3d at 62 ("'A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'") (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).[3]

Defendants' motion to dismiss is **GRANTED** without prejudice to plaintiff's filing an amended complaint on or before June 12, 2014, stating facts and dates sufficient to show that his complaint is not time-barred. This 30-day time period will not be extended. If no amended complaint is filed on or before June 12, 2014, the Clerk is directed to close this case.

It is so ordered.

Dated at Bridgeport this 12th day of May 2014.

/s/
Jeffrey Alker Meyer
United States District Judge

---

2011.

[3] If defendants have evidence establishing that the date of plaintiff's termination from employment was September 24, 2011, then this evidence may properly be considered in connection with any motion under Fed. R. Civ. P. 56 for summary judgment.