UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM ROGERS,<br>        Plaintiff,<br><br>    v.<br><br>NAIF MAKOL and SKOOTER'S<br>RESTAURANT II, INC.,<br>        Defendants. | No. 3:13-cv-946 (JAM) |

**RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. #42]**

Plaintiff William Rogers has sued his former employer Skooter's Restaurant II and its owner Naif Makol for allegedly discriminating and retaliating against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). This Court previously granted defendants' motion to dismiss the complaint and allowed plaintiff to file an amended complaint "stating facts and dates sufficient to show that his complaint [was] not time-barred." Doc. #36 at 4. Plaintiff has filed an amended complaint, and I now consider and grant defendants' motion to dismiss the amended complaint.

**Background**

In July 2013, plaintiff filed a federal court complaint alleging that defendants had violated Title VII and the ADA by discriminating against him on the basis of his race, color, and disability. *See* Doc. #1. The complaint alleged that defendants failed to promote him and terminated his employment on September 24, 2011, and that on some unspecified date they conducted a criminal background check without his authorization or consent. *Id.* at 2-3.

Attached to the complaint was a letter dated February 20, 2013, addressed to the U.S. Equal Employment Opportunity Commission ("EEOC") and the Connecticut Commission on Human Rights and Opportunities ("CHRO"), claiming that defendants had discriminated against him "because of [his] race and learning disability." *Id.* at 7. The letter further described how plaintiff was demoted from assistant manager of the restaurant to short order cook, how he was subjected to an unauthorized criminal background check, how he was terminated after malfunctioning windshield wipers prevented him from reporting to work during a rainstorm on September 23, 2011, and how he was later retaliated against when defendants "filed a charge of Willful Misconduct" with the Department of Labor and appealed his application for unemployment compensation. *Id.* at 7-8.

In October 2013, defendants moved to dismiss the complaint on statute-of-limitations grounds. Doc. #18. I granted the motion because plaintiff's filing of his discrimination charge with the EEOC and CHRO in February 2013 was not within the required 300 days from the date of his alleged termination in late September 2011. Doc. #36 at 2-3. Nevertheless, in view of plaintiff's suggestion that he somehow remained employed and "on call" after September 2011, I granted plaintiff leave to file an amended complaint that pled "with specificity a date of termination that is not time-barred." *Id.* at 3-4.

Plaintiff timely filed an amended complaint in June 2014, reiterating his claims of Title VII and ADA discrimination and retaliation and also claiming a violation of the Whistleblower Protection Enhancement Act of 2012. Doc. #41 at 1.[1] The amended complaint attached several documents relating to plaintiff's dealings with the CHRO and his unemployment benefits proceedings in 2012 and 2013.

---

[1] Although plaintiff's complaint does not expressly allege retaliation, his letter to the CHRO of March 2013 that is attached to the complaint alleges that defendants retaliated against him in connection with their post-employment opposition to his receipt of unemployment benefits. Doc. #41 at 7.

**Discussion**

When deciding a motion to dismiss, a court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Hishon v. King*, 467 US 69, 73 (1984). Although detailed allegations are not required, the complaint must adduce sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based, and to demonstrate a right to relief. *Bell Atl. v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Documents attached to a complaint may be considered alongside the complaint in evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, 44 n. 1 (2d Cir. 2014) (citing *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir. 2001)). Moreover, in reviewing a *pro se* complaint, a court must interpret the complaint's allegations liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *See also Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

As explained in my prior ruling granting defendants' first motion to dismiss, in order to state a claim for Title VII and ADA violations, a plaintiff must timely file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII time limit); 42 U.S.C. § 12117(a) (incorporating this Title VII provision into the ADA statutory scheme). In Connecticut, an employee must file the charge with the EEOC within 300 days of the "alleged unlawful [employment] practice," *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002), "subject in rare cases to equitable doctrines such as tolling or estoppel." Doc. #36 at 3 (citing *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113, and *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333

F.3d 74, 80–81 (2d Cir. 2003)).

Plaintiff's amended complaint does not allege that he was fired on a date later than September 2011. Indeed, the amended complaint does not identify any date on which he was terminated. In one of the attachments to the amended complaint—plaintiff's letter of March 14, 2012, to the CHRO—plaintiff states that he was terminated on September 25, 2011. Doc. #41 at 9. Because plaintiff continues to allege that he was terminated no later than September 2011, neither his Title VII nor ADA complaint are timely absent evidence that he filed a charge with the CHRO and EEOC within 300 days, by no later than July 2012.

Plaintiff's alleges that he filed an intake questionnaire with the EEOC on December 10, 2012. Doc. #41 at 8; Doc. #46 at 8. But even if this intake questionnaire were sufficient to constitute a charge,[2] the date of this filing—December 10, 2012—was more than 400 days after his alleged termination in late September 2011, and therefore plaintiff's claims remain untimely.

Plaintiff also relies on the letter that he sent to the CHRO, dated March 14, 2012 and bearing the subject "RE: Wrongful termination of employment/retaliation."[3] Doc. #41 at 9. Although plaintiff's letter fell within the 300-day period from the date of plaintiff's termination,

---

[2] Under some circumstances, an intake questionnaire may constitute a charge of discrimination with the EEOC if it contains, as required by EEOC regulations, "an allegation and the name of the charged party," and can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee." *Fed. Expr. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). Plaintiff's amended complaint has pled no facts to establish that these criteria are met in this case. Alongside his opposition to defendants' motion to dismiss, plaintiff attaches what appears to be the signature page of an EEOC intake questionnaire, which is signed December 10, 2012 and which includes a checked box indicating an intent to file a charge of discrimination. Doc. #46 at 8. That single page does not include an allegation or the name of a charged party. I make no finding as to whether the whole intake questionnaire, including the pages plaintiff did not provide the Court, would have been sufficient to constitute a charge of discrimination.

[3] A complaint filed with a state fair employment practice agency such as the CHRO may be automatically dual-filed with the EEOC if the two agencies participate in a worksharing agreement that so authorizes. 42 U.S.C. § 2000e-8(b); 29 C.F.R. § 1601.13(c). The CHRO and the EEOC routinely participate in such agreements and have done so during the years immediately before and after plaintiff filed his earliest attached letter to the CHRO in Fiscal Year 2012. *Sawka v. ADP, Inc.*, 2014 WL 3845238 at *1 and *4 n.2 (D. Conn. 2014) (allowing CHRO charges as an acceptable substitute to EEOC charges for timeliness purposes because of the worksharing agreement covering plaintiff's EEOC and CHRO complaint in May 2011); *Bagley v. Yale Univ.*, 2014 WL 4230921 at *10-11 & n.6 (D. Conn. 2014) (describing the worksharing agreement and addendum for Fiscal Years 2013 and 2014, which provide for dual-filing of charges between the EEOC and the CHRO). Although there is no evidence on this matter in the record, I will assume for the purpose of this opinion that such agreement was in effect during Fiscal Year 2012.

the letter did not allege that he was terminated for any discriminatory reason. Rather, it stated only that plaintiff informed his employer that he was unable to work on September 23, 2011, due to hazardous weather, that he was subsequently omitted from the restaurant's work schedule, and that his numerous attempts to contact his employer went unanswered. Without alleging discrimination, plaintiff's letter asks the agency "to assist me with this wrongful termination of employment and hope[s] that there is short term solution [sic] for solving this problem." *Id.*

At the bare minimum, a charge of discrimination with the EEOC must include "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of," 29 C.F.R. § 1601.12, and must be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee." *Fed. Expr. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). While "[d]ocuments filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies," *id.* at 406, the primary purpose of an EEOC charge is "to alert the EEOC to the discrimination that a plaintiff claims he is suffering." *Mathirampuzha v. Potter*, 548 F.3d 70, 77 n.6 (2d Cir. 2008) (citation omitted).

To that end, the EEOC recommends that those wishing to file a charge send a letter to the EEOC that includes, *inter alia*, "[w]hy you believe you were discriminated against (for example, because of your race, color, religion sex . . . , national origin, age . . . , disability or genetic information)." U.S. EQUAL EMP'T OPP. COMM'N, HOW TO FILE A CHARGE OF EMPLOYMENT DISCRIMINATION, http://www.eeoc.gov/employees/howtofile.cfm (last visited Sept. 10, 2014). Plaintiff's letter, without alleging discrimination or any facts that would suggest discrimination as the reason for his termination, did not alert the EEOC to any discrimination that he suffered.

Even if the letter of March 2012 were sufficient to constitute a charge, the federal court claims now alleged by plaintiff are not reasonably related to the allegations in the letter. Claims not raised in an EEOC complaint may only be brought in federal court if "reasonably related" to the claim filed with the agency. *Mathirampuzha*, 548 F.3d at 76 (plaintiff's administrative charge of a single act of discrimination was not reasonably related to later court charge of retaliation and hostile work environment). "The central question is whether the complaint filed with the [EEOC] gave th[e] agency adequate notice to investigate discrimination on both bases." *Id.* at 77 (*quoting Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (*per curiam*)). But plaintiff's letter did not give the CHRO or EEOC adequate notice to investigate a claim of any type of discrimination at all, much less to investigate plaintiff's current claims of discrimination on the basis of both race and disability.

In an effort to show that his claim comes within the 300-day limit, plaintiff argues that defendants discriminated not only by terminating him, but also by protesting his claims to unemployment compensation in March 2012 and by appealing his award of unemployment compensation on several occasions in September and November 2012. Doc. #41 at 3-4. But defendants' opposition to and appeal of his unemployment benefits were not an adverse employment action within the scope of the anti-discrimination prohibitions of Title VII or the ADA, because they occurred after plaintiff's employment was terminated. Both Title VII and the ADA forbid discrimination or retaliation *during* the course of an employment relationship, *see* 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 12112(a); the statutes are silent about actions taken *after* the employer-employee relationship is severed by termination. *See Memnon v. Clifford Chance US, LLP*, 667 F.Supp.2d 334, 341 (S.D.N.Y. 2009) ("[T]here has been no adverse employment action taken against [plaintiff] because all of the conduct that gives rise to her allegations against

[defendant] occurred after she resigned pursuant to the Settlement Agreement.").

To the extent that the anti-retaliation provisions of Title VII or the ADA might extend to an employer's post-employment conduct, *see, e.g.*, *Hopkins v. Bridgeport Bd. of Educ.*, 834 F.Supp.2d 58, 66-67 (D. Conn. 2011), plaintiff's complaint does not plausibly allege that the defendants' opposition to plaintiff's unemployment benefits was by reason of his filing a claim of discrimination. To the contrary, the first indication that plaintiff claimed that his termination was for a race- and disability-based discriminatory reason was his letter to the CHRO in February 2013, Doc. #41 at 6-7, which post-dates his unemployment benefit proceedings in 2012.

Moreover, a former employer is entitled to undertake reasonable defensive measures against an employee's charge of discrimination. *See Richardson v. Comm'n on Human Rights & Opportunities*, 532 F.3d 114, 123 (2d Cir. 2008) ("Reasonable defensive measures do not violate the anti-retaliation provision of Title VII, even though such steps are adverse to the charging employee and result in differential treatment.") (quoting *United States v. N.Y.C. Transit Auth.,* 97 F.3d 672, 677 (2d Cir. 1996)). Such measures may include exercising the legal right to oppose a former employee's unemployment benefits by arguing that he was terminated for cause. *See Whalley v. Reliance Grp. Holdings, Inc.,* 2001 WL 55726 at *12 (S.D.N.Y. 2001) ("Since Whalley initiated the unemployment benefits process, such opposition was Reliance's right as a former employer, not retaliatory in nature, and Whalley has not introduced evidence that the reasons articulated by Reliance for its employment action constituted improper discrimination under the ADA.").

In short, plaintiff's Title VII and ADA claims are plainly time-barred. His complaint does not plausibly allege that he filed a charge of discrimination with the EEOC or CHRO within 300

days of his termination. Nor does the complaint plausibly allege Title VII or ADA liability on the basis of defendants' opposition to plaintiff's post-employment claim for unemployment compensation.

Plaintiff's whistleblower claim fails as well. The Whistleblower Protection Act of 1989 ("WPA") protects federal employees against retaliation by their employers after reporting evidence of agency misconduct. 5 U.S.C. § 1201 *et seq*. Section 2 of the WPA describes its purpose as "to strengthen and improve protection for the rights of *Federal employees*, to prevent reprisals, and to help eliminate wrongdoing *within the Government*." Pub. L. No. 101-12 § 2(b) (emphasis added). Plaintiff claims that defendants violated the Whistleblower Protection Enhancement Act of 2012 ("WPEA"), which strengthens the WPA's protections for federal whistleblowers. Pub. L. No. 112-199. The WPEA is clear: it pertains solely to "[p]rotection of certain disclosures of information by *Federal employees*." *Id.* at Title I (emphasis added). Plaintiff was not covered by these protections because he was not a federal employee; that is, his restaurant employer was a private company, not a part of the federal government. Moreover, he has alleged no facts suggesting that he was terminated for engaging in protected whistleblowing activity. Such activity would include disclosures of information that he reasonably believed to evidence a violation of a law, rule or regulation; gross mismanagement; gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8). Plaintiff has made no mention of reporting alleged misconduct on the part of his employer prior to his allegedly wrongful termination. Because the amended complaint alleges neither that plaintiff was a federal employee nor that he engaged in any protected whistleblowing activity, plaintiff's claim under the Whistleblower Protection Enhancement Act of 2012 is denied.

## Conclusion

Defendants' motion to dismiss the amended complaint [Doc. #42] is GRANTED. The amended complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice for failure to state a claim upon which relief can be granted. The Clerk is directed to close this case.

It is so ordered.

Dated at Bridgeport this 10th day of September 2014.

/s/
Jeffrey Alker Meyer
United States District Judge